IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

J.W. SMART,                                    :
                                              :
                    Plaintiff                 :
                                              :
        VS.                                   :
                                              :      **7 : 04-CV-97 (HL)**
JO ANNE B. BARNHART,                          :
Commissioner of Social Security,              :
                                              :
                    Defendant.                :
_____

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on September 9, 2004, challenging the

Commissioner's final decision denying her application for disability benefits.  Jurisdiction arises

under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

***Background***

The plaintiff filed her application for disability benefits in January 2001, alleging

disability since August 27, 2000, due to uncontrolled bladder and thyroid, severe headaches, low

energy and chronic nausea.  Her application was denied initially and upon reconsideration, with

the ALJ determining that the plaintiff retained the residual functional capacity to perform light

work activity involving limited interaction with others, and that she remained capable of

performing her past relevant work as a clothing hanger and cafeteria dishwasher.  The Appeals

Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in

making credibility findings herein.

The medical evidence shows that the plaintiff began reporting severe headaches to her

physicians in August 2000.  After tests showed a tumor on the brain, the plaintiff underwent a

craniotomy and tumor resection.  She was subsequently diagnosed with diabetes and hypothyroidism and began treatment for these conditions.  In 2003, the plaintiff again reported severe headaches, and tests revealed a recurring brain lesion.  The plaintiff underwent a six (6) week course of radiation therapy.  Psychological testing in December 2003 revealed claimant's intellectual capacity to fall between borderline and mild impairment.

***Standard of review***

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Credibility analysis*

Herein, the plaintiff alleges that the ALJ improperly discounted her subjective accounts of pain, inasmuch as her testimony was supported and corroborated by her husband's testimony.  If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that the plaintiff suffered from severe impairments in the form of history of brain tumor status post-resection and radiation therapy, borderline intellectual functioning, chronic sinusitis, diabetes insipidus, and hypothyroidism.  He specifically noted her testimony

that "she suffers from nausea and chronic headaches (sometimes mild and sometimes severe) and she sleeps a lot.  She also has difficulty remembering and concentrating.  She is active in her church's outreach program, and she attends services every Sunday.  She is able to perform some household tasks.  The claimant's husband offered corroborating testimony regarding her symptoms and limitations."  R. at 14-15.   The ALJ specifically found that the plaintiff

> is able to lift up to 20 pounds occasionally and 10 pounds
> frequently, stand or walk about 6 hours in an 8 hour workday, sit
> about 6 hours in an 8 hour workday, and occasionally climb stairs,
> balance, stoop, kneel, crouch, or crawl.  These exertional and
> postural limitations arise from the claimant's combined physical
> impairments.  In addition, the claimant can perform only simple,
> unskilled work tasks, performed in a low-stress work environment
> and requiring only limited interaction with coworkers, supervisors,
> and the general public, as the result of borderline intellectual
> functioning, the residual effects of brain tumor, and chronic
> headaches.

R. at 16.

The plaintiff argues that the medical evidence supports her assertions of total disability, and that her testimony was supported and corroborated by that of her husband.  The plaintiff appears to argue as well that the ALJ's findings regarding her credibility are not supported by substantial evidence.   A review of the ALJ's decision and the hearing testimony of the plaintiff and her husband reveals that the ALJ properly considered plaintiff's testimony and provided adequate reasons for partially discrediting this testimony.  The plaintiff testified that she must lay down several times per day due to constant headaches, and that she does very little cooking or other housework.  She further testified that she cannot sit through a church service.  Her husband's testimony corroborated the plaintiff's testimony, and he further stated that he retired in order to take care of her needs.  He testified that the plaintiff no longer drives and no longer

practices body-building as she did before the onset of the brain tumor(s), and that her headaches prevent her from progressing through an eight (8) hour day without resting or laying down.  The ALJ specifically noted this testimony, and found it partially credible to establish certain limitations, but found the assertion that plaintiff is incapable of any work unsupported by the medical record.  The ALJ stated that "[w]hile the claimant clearly has a reduced capacity for exertional work as a result of her physical impairments, none of her treatment providers has suggested that she is incapable of performing light work tasks on a regular basis.  Likewise, the claimant's mental capacity limits her to simple, low-stress jobs requiring limited interaction with others, but it does not preclude all work activity."  R. at 16.  These findings are supported by substantial evidence.   The medical record reveals only a sporadic history of reported headaches since plaintiff's surgery in 2000, and various reports of higher energy levels.  Treatment notes from April 2003 reflect "no significant headaches" following radiotherapy.  None of plaintiff's physicians issued specific limitations regarding plaintiff's functional capacity.

To the extent that the plaintiff asserts that the ALJ failed to properly discuss and evaluate the testimony of plaintiff's husband, the law in the Eleventh Circuit is clear that an explicit finding as to the credibility of a witness' testimony is not required, as long as the implication regarding such a credibility finding is obvious to the court.  Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983).  Both the plaintiff and her husband testified before the ALJ regarding the plaintiff's pain, and the impact of this pain on plaintiff's life.  The ALJ explicitly found that the plaintiff's testimony was credible to establish certain restrictions, but not total disability.  Inasmuch as the testimony of plaintiff's husband was substantially similar to that of the plaintiff, "the implication was obvious that the ALJ did not regard the testimony of claimant's [friend] as

credible" so as to prevent the plaintiff from engaging in any type of work.  Id. (discussing Allen v. Schweiker, 642 F.2d 799 (5th Cir. 1981)).  Thus, the ALJ's failure to explicitly refer to the weight he accorded this testimony was not error.

Accordingly, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of December, 2005.

 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb